UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANTA CORPORATION d/b/a
ST. ANNE'S CONVALESCENT
CENTER,

        Plaintiff,            Case No.

vs.

CREDIT ACCEPTANCE
CORPORATION, a domestic for profit
corporation, and JASON MICHAEL
KATZ, P.C., a Michigan professional
corporation, and JASON MICHAEL
KATZ, an individual, jointly and
severally,

        Defendants.

---

## NOTICE OF REMOVAL

Defendant Credit Acceptance Corporation ("Credit Acceptance"), by counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes the above-entitled action, which is currently pending in the Oakland County Circuit Court in Pontiac, Michigan, and states as follows:

### Background

1.      On March 13, 2015, Plaintiff Shanta Corporation d/b/a St. Anne's Convalescent Center ("Plaintiff") commenced an action against Credit Acceptance and Defendant Jason Michael Katz, P.C. and Jason M. Katz (collectively, the

"Katz Defendants") in the Oakland County Circuit Court in Pontiac, Michigan, by filing a Complaint and Jury Demand ("Complaint"), alleging a variety of claims against Credit Acceptance and the Katz Defendants including, without limitation, alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1601, *et seq.* ("FDCPA").

2.     Credit Acceptance was purportedly served with the Complaint on March 24, 2015.

3.     The Complaint, which constitutes "all process, pleadings and orders served upon" Credit Acceptance in this action to date, is attached as Exhibit A. 28 U.S.C. § 1446(a).

## Timeliness of Removal

4.     Credit Acceptance received notice of this action through the purported service of the Complaint on March 24, 2015. Therefore, this notice of removal is timely under 28 U.S.C. § 1446(b) because less than 30 days have passed since Credit Acceptance was purportedly served with the Complaint.

## Removal Jurisdiction

5.     This action is properly removable under 28 U.S.C. § 1441 because this Court has original jurisdiction of this case under 28 U.S.C. § 1331, which provides in pertinent part: "[t]he district courts shall have original jurisdiction of

2

all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

6.     Specifically, Plaintiff has alleged that Credit Acceptance violated the FDCPA in a variety of ways. *See* Exhibit A, Complaint, paragraphs 16-18.

7.     Accordingly, this is a civil action "arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331, and removal is appropriate pursuant to 28 U.S.C. §§ 1441, 1446.

8.     Removal to this Court is proper as the United States District Court for the Eastern District of Michigan embraces Oakland County, Michigan, where the state court action was filed.

## Notice to State Court and Plaintiffs

9.     Pursuant to 28 U.S.C. § 1446(d), Credit Acceptance is promptly providing written notice of this removal to Plaintiff and will immediately file a copy of this Notice of Removal with the Clerk of the Oakland County Circuit Court.

## Consent

10.     The **Katz Defendants** have both consented to this Notice of Removal.

WHEREFORE, Defendant Credit Acceptance Corporation respectfully requests that the above-entitled action be removed from the Oakland County Circuit Court to this Court.

KING AND MURRAY PLLC

By: s/Stephen W. King
Stephen W. King (P56456)
KING AND MURRAY, PLLC
355 South Old Woodward, Suite 100
Birmingham, Michigan 48009
Tel: (248) 792-2398
sking@kingandmurray.com

*Attorneys for Defendant Credit Acceptance Corporation*

Dated: April 21, 2015

## **CERTIFICATE OF SERVICE**

Stephen W. King, an attorney, certifies that on April 21, 2015, he electronically filed the foregoing **Notice of Removal** with the Clerk of the Court using the CM/ECF system and served a copy of same via First Class Mail, proper postage prepaid, on all counsel of record.

*/s/ Stephen W. King*

EXHIBIT

A

This case has been designated as an eFiling case. To review a copy of the
Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

SHANTA CORPORATION d/b/a
ST. ANNE'S CONVALESCENT CENTER,
    Plaintiff,

Case No.:2015-146016CZ
JUDGE ANDERSON-POHS

- vs -

CREDIT ACCEPTANCE CORPORATION, a Domestic for Profit Corporation, and
JASON MICHAEL KATZ, P.C., a Michigan Professional Corporation, and
JASON M. KATZ, and individual, jointly and severally,
    Defendants.

THE RUBINSTEIN LAW FIRM
Jan Jeffrey Rubinstein (P57937)
Gregory B. Paddison (P75963)
Attorneys for Plaintiff
30150 Telegraph Rd., Ste. 444
Bingham Farms, MI 48025
(248) 220-1415

There is no other pending or resolved civil action arising out of the transaction or
occurrence alleged in the complaint.

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, SHANTA CORPORATION d/b/a ST. ANNE'S CONVALESCENT CENTER

("ST. ANNE'S"), by and through its attorneys, THE RUBINSTEIN LAW FIRM, and for his Complaint,

states as follows:

## INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Counter-

Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 USC

1692 et seq., and the Michigan Collection Practices Act (State Act), MCL 339.901

et seq., which prohibit debt collectors from engaging in abusive, deceptive, and

unfair practices.

## JURISDICTION AND VENUE

Received for Filing Oakland County Clerk 2015 MAR 13 PM 12:42

2. Plaintiff, ST. ANNE'S, is a Domestic for Profit Corporation, with a registered office address at 6232 Cadieux, in the City of Detroit, County of Wayne, State of Michigan.

3. Defendant, CREDIT ACCEPTANCE CORPORATION ("C.A. INC."), is a Domestic for Profit Corporation, with a registered office address at 601 Abbott, in the City of East Lansing, County of Ingham, State of Michigan.

4. Defendant, JASON MICHAEL KATZ, P.C. ("KATZ P.C."), is a Michigan Professional Corporation, with a registered office address at 30665 Northwestern Hwy., in the City of Farmington Hills, County of Oakland, State of Michigan.

5. Defendant, JASON M. KATZ ("MR. KATZ"), is an individual residing at 29117 Shenandoah, in the City of Farmington Hills, County of Oakland, State of Michigan.

6. The events giving rise to this cause of action arose in the County of Wayne, State of Michigan.

7. The amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00).

8. Venue is properly laid in this Court.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates by reference paragraphs one through eight.

10. Defendant, MR. KATZ, is a Michigan attorney who practices law on behalf of the law firm, Defendant, KATZ P.C.

11. Defendant, C.A. INC. employs Defendant, KATZ P.C., for the purpose of pursuing wage garnishments against their debtors.

12. While acting on behalf of C.A. INC. and KATZ P.C., MR. KATZ has repeatedly served Requests and Writs for Garnishment upon innocent business entities,

Received for Filing Oakland County Clerk 2015 MAR 13 PM 12:42

Received for Filing Oakland County Clerk 2015 MAR 13 PM 12:42

including ST. ANNE'S, which MR. KATZ, either knew were not employers of C.A. INC. debtors; or whom MR. KATZ had no basis for believing were employers of C.A. INC. debtors.

13.   When serving the unfounded Requests and Writs for Garnishment upon innocent business entities, MR. KATZ would intentionally have service effectuated upon low-level and uninformed employees, with the specific goal that the Requests and Writs for Garnishment would not be responded to with Garnishee Disclosures allowing Default Judgments to enter.

14.   C.A. INC. and KATZ P.C. at all times relevant were fully aware of MR. KATZ'S deceitful collection practices and assented to their continuance.

15.   As a result of the acts alleged above, Plaintiff suffered actual damages, including court costs and attorney fees.

## COUNT I - VIOLATIONS OF THE FDCPA

16.   Counter-Plaintiff incorporates by reference paragraphs one through six.

17.   C.A. INC., KATZ P.C. and MR. KATZ have violated the FDCPA. The violations by the Defendants, include, but are not limited to, the following:

   a.   Failure to send a written debt validation notice [15 USC 1692g] § 809(a);

   b.   Ignoring written requests to verify the debt and continuing attempts to collect [15 USC 1692g] § 809(b);

   c.   Continued attempts to collect on alleged debts before providing verification [15 USC 1692g] § 809(b);

   d.   Continued collection attempts after receiving a cease communication notice [15 USC 1692c] § 805(c);

   e.   Demanding payment in amounts that are in excess of amounts actually owed

Received for Filing Oakland County Clerk 2015 MAR 13 PM 12:42

[15 USC 1692e] § 807(2)(a);

  f.     Demanding payment on interest, fees and expenses prohibited by law [15 USC 1692f] § 808(1);

  g.     Threatening action that is prohibited by law [15 USC 1692e] § 807(5);

  h.     Illegally informing third-parties of the alleged debts [15 USC 1692e] § 805(b);

  i.     Making material misrepresentations regarding the alleged debt [15 USC 1692e] § 807(b); and

  j.     Failed to identify themselves as a debt collector during their attempts to collect on the debt 15 USC 1692e] § 807(11).

18.     As a result of Defendants' violations of the FDCPA, Plaintiff suffered actual damages and is also entitled to an award of statutory damages, costs, and attorney fees.

WHEREFORE, Plaintiff, SHANTA CORPORATION d/b/a ST. ANNE'S CONVALESCENT CENTER, respectfully requests that this Honorable Court enter judgment against Defendants, CREDIT ACCEPTANCE CORPORATION, JASON MICHAEL KATZ, P.C. and JASON M. KATZ, jointly and severally, as follows:

  a.    Actual damages and statutory damages of $1,000 pursuant to the FDCPA;

  b.    Treble damages or $150, whichever is greater, pursuant to the Michigan Collection Practices Act;

  c.    Costs and reasonable attorney fees pursuant to 15 USC 1692k and MCL § 339.916(2).

## COUNT II – VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

19.     Plaintiff incorporates by reference paragraphs one through eighteen.

Received for Filing Oakland County Clerk 2015 MAR 13 PM 12:42

20. Defendants violated the Michigan Collection Practices Act. Defendants' violations include, but are not limited to, the following:

 a. Communicating with a Plaintiff in a misleading and deceptive manner [MCL § 445.252(a)];

 b. Making inaccurate, misleading, untrue and deceptive statements and claims in communications to collect a debt [MCL § 445.252(e)];

 c. Making material misrepresentations in a communication regarding an alleged debtor [MCL § 445.252(f)];

 d. Communicating with Garnishee-Defendant without disclosing their identity as a debt collector [MCL § 445.252(g)];

 e. Communicating with Garnishee-Defendant, when Garnishee-Defendant is represented by counsel and as much is known to the debt collector [MCL § 445.252(h)];

 f. Using a harassing, oppressive, or abusive method to collect a debt [MCL § 445.252(n)]; and

 g. Failing to implement a procedure designed to prevent a violation by an employee [MCL § 445.252(q)].

21. As a result of Defendants' willful violations of the Michigan Collection Practices Act, Plaintiff suffered actual damages, and is entitled to an award of treble damages, statutory damages, costs, and attorney fees.

WHEREFORE, Plaintiff, SHANTA CORPORATION d/b/a ST. ANNE'S CONVALESCENT CENTER, respectfully requests that this Honorable Court enter judgment against Defendants, CREDIT ACCEPTANCE CORPORATION, JASON MICHAEL KATZ, P.C. and JASON M. KATZ, jointly and severally, as follows:

Received for Filing Oakland County Clerk 2015 MAR 13 PM 12:42

a. Actual damages and statutory damages of $1,000 pursuant to the FDCPA;

b. Treble damages or $150, whichever is greater, pursuant to the Michigan Collection Practices Act;

c. Costs and reasonable attorney fees pursuant to 15 USC 1692k and MCL § 339.916(2).

## COUNT III – NEGLIGENT HIRING/SUPERVISION

22. Plaintiff incorporates by reference paragraphs one through twenty-one.

23. The Defendants owed to the Plaintiff the duty to exercise reasonable care in employing and/or contracting with employees, agents and/or attorneys for debt collection purposes.

24. The Defendants, CREDIT ACCEPTANCE CORPORATION and JASON MICHAEL KATZ, P.C. breached their duties and were negligent. Defendants' negligence included but is not limited to the following acts and omissions:

   a. Primary negligence:

       i. They failed to select, employ, and retain in its service a careful or competent debt collector;

       ii. They failed to warn the Plaintiff of the unreasonable and intrusive methods debt collection utilized by its debt collection agents;

       iii. They failed to provide, or require, a compliance program to prevent violations of the FDCPA, MCPA, and the Telephone Consumer Protection Act of 1991; and

       iv. They gave ambiguous orders and acquiesced in negligent methods of work.

   b. Vicariously, as follows:

Received for Filing Oakland County Clerk 2015 MAR 13 PM 12:42

    i.     For Defendants' employees, agents and/or attorneys failure to establish and enforce rules regarding the lawful and appropriate methods of debt collection;

    ii.    For Defendants' employees, agents and/or attorneys failure to provide adequate job supervision and job training; and

    iii.   For Defendants' employees, agents and/or attorneys using improper and unlawful work methods.

25.   The Defendant, JASON M. KATZ breached his duty and was negligent. Defendant's negligence included, but is not limited to the following acts and omissions:

    a.    Communicating with a Plaintiff in a misleading and deceptive manner;

    b.    For failing to provide adequate job supervision and job training;

    c.    For using inadequate work methods;

    d.    Intentionally and/or negligently serving upon Plaintiff, Requests and Writs for Garnishment upon an employer whom Defendant had no basis to believe was an employer of a debtor of Defendant, CREDIT ACCEPTANCE CORPORATION; and

    e.    Intentionally and/or negligently serving Requests and Writs for Garnishment upon entry-level employees of Plaintiff, for the express purpose of causing Default Judgments to enter against innocent employers.

26.   The acts or omissions of the Defendants was a proximate and direct cause of the Plaintiff's injuries and damages.

WHEREFORE, Plaintiff, SHANTA CORPORATION d/b/a ST. ANNE'S CONVALESCENT CENTER, respectfully requests that this Honorable Court enter judgment against Defendants, CREDIT ACCEPTANCE CORPORATION, JASON MICHAEL KATZ, P.C. and JASON M. KATZ, jointly and

Received for Filing Oakland County Clerk 2015 MAR 13 PM 12:42

severally, in an amount in excess of $25,000.00 and award costs and attorney fees wrongfully incurred.

### COUNT IV – TORTIOUS INTERFERENCE WITH BUSINESS PRACTICES

27.  Plaintiff incorporates by reference paragraphs one through twenty-six.

28.  JASON M. KATZ acting on behalf of CREDIT ACCEPTANCE CORPORATION and JASON MICHAEL KATZ, P.C. did intentionally and repeatedly serve upon Plaintiff Requests and Writs for Garnishment related to debtors which Defendants either knew were not employees of Plaintiff, or had no reasonable basis for believing were employees of Plaintiff.

29.  The nefarious acts of Defendants have interfered with Plaintiff's Business Interests in the following ways:

   a.  Exhausting considerable time and resources in defending and responding to the purposeless Requests and Writs for Garnishment;

   b.  Eliminating future business relationships by reason of outstanding garnishments and on-going litigation related to defending the baseless Requests and Writs for Garnishment; and

   c.  Denigrating Plaintiff's existing business relationships through loss of competence in Plaintiff's business acumen.

30.  The business relationships and expectancies had a reasonable likelihood of future economic benefit for ST. ANNE'S.

31.  By his conduct described in above, JASON M. KATZ intentionally and improperly interfered with the business relationships and expectancies between ST. ANNE'S and both its existing and prospective business relationships, causing their breach, disruption, or termination.

Received for Filing Oakland County Clerk 2015 MAR 13 PM 12:42

32.    As a direct and proximate result of JASON M. KATZ's wrongful conduct, ST. ANNE'S has suffered substantial economic injury, loss of goodwill, harm to its business reputation, loss of esteem and standing in the community, and loss of business opportunities.

WHEREFORE, Plaintiff, SHANTA CORPORATION d/b/a ST. ANNE'S CONVALESCENT CENTER, respectfully requests that this Honorable Court enter judgment against Defendants, CREDIT ACCEPTANCE CORPORATION, JASON MICHAEL KATZ, P.C. and JASON M. KATZ, jointly and severally, in an amount in excess of $25,000.00 and award costs and attorney fees wrongfully incurred.

### COUNT V – ABUSE OF PROCESS

33.    Plaintiff incorporates by reference paragraphs one through thirty-two.

34.    Defendants abused the civil judicial process by using it for their ulterior motive or purpose to cause meritless garnishment against innocent Garnishee-Defendants. Such use of the process was not legitimate, regular, or legal.

35.    As a corroborating act of Defendants' improper purpose, Defendants have drafted and served upon Plaintiff numerous Requests and Writs for Garnishment, when Defendants either knew that the alleged debtor was not an employee of Plaintiff, or had no basis to believe that the debtor was an employee of Plaintiff.

36.    As a further corroborating act, Defendants intentionally had such Requests and Writs for Garnishment served upon entry-level employees of Plaintiff, whom Defendants anticipated would not adhere to the reporting obligations of Garnishee-Defendants, thereby resulting in the entry of Default Judgments.

37.    Defendants' submission of multiple baseless Requests and Writs for Garnishment upon entry level employees of Plaintiff, were willful and intentional.

Received for Filing Oakland County Clerk 2015 MAR 13 PM 12:42

38.    As a direct result of Defendants' abuse of the civil judicial process, Plaintiff's professional reputation and status have been damaged and it has suffered severe economic damages in defending these frivolous actions.

WHEREFORE, Plaintiff, SHANTA CORPORATION d/b/a ST. ANNE'S CONVALESCENT CENTER, respectfully requests that this Honorable Court enter judgment against Defendants, CREDIT ACCEPTANCE CORPORATION, JASON MICHAEL KATZ, P.C. and JASON M. KATZ, jointly and severally, in an amount in excess of $25,000.00 and award costs and attorney fees wrongfully incurred.

## COUNT VI – MICHIGAN CONSUMER PROTECTION ACT

39.    Plaintiff incorporates by reference paragraphs one through thirty-eight.

40.    By engaging in or attempting to engage in the practice of debt collection without adherence to the rules set forth by the Fair Debt Collection Practices Act and the Michigan Collection Practices Act, Defendants have violated the Michigan Consumer Protection Act.

41.    Plaintiff is an "affected person" within the meaning of the Michigan Consumer Protection Act.

42.    Plaintiff is a person who has suffered a loss within the meaning of the Michigan Consumer Protection Act.

43.    Defendants are engaged in "trade or commerce" within the meaning of the Michigan Consumer Protection Act.

44.    Defendants, by representing that they were fully compliant with the provisions of the Fair Debt Collection Practices Act and the Michigan Collection Practices Act have violated the Michigan Consumer Protection Act.

45.    Unless restrained by the Court, Defendants will continue to violate the Michigan

Consumer Protection Act.

WHEREFORE, Plaintiff, SHANTA CORPORATION d/b/a ST. ANNE'S CONVALESCENT CENTER, respectfully requests that this Honorable Court enter judgment against Defendants, CREDIT ACCEPTANCE CORPORATION, JASON MICHAEL KATZ, P.C. and JASON M. KATZ, jointly and severally, as follows:

     a.     That this Court enter an order forbidding Defendants from engaging in or offering to engage in any debt collection activity with respect to Plaintiffs, for which adherence to the Fair Debt Collection Practices Act and the Michigan Collection Practices Act, is required.

     b.     That this Court enter an order commanding Defendants to take whatever corrective action this Court deems just in order to counter the existing baseless Garnishments having been served upon Plaintiff by Defendants.

     c.     That the Court award Plaintiff actual costs and attorney fees.

     d.     A monetary judgment in an amount in excess of $25,000.00 together with interest, costs, and reasonable attorney fees.

Respectfully Submitted,

Dated: March 13, 2015

Jon Jeffrey Rubinstein (P57937)

## JURY DEMAND

Please Take Notice that Plaintiff hereby makes a demand for a jury trial pursuant to MCR 2.508(B).

Respectfully submitted,
THE RUBINSTEIN LAW FIRM

Dated:   March 13, 2015

Jon Jeffrey Rubinstein (P57937)

Received for Filing Oakland County Clerk 2015 MAR 13 PM 12:42